**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| DEMUN D. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-56-SPM |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, MISSOURI PAROLE ) | |
| BOARD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case was recently transferred to this Court from the United States District Court for the Western District of Missouri. ECF Nos. 3-4. Because Plaintiff's motion to proceed *in forma pauperis* does not comply with the Local Rules of this Court, he will be directed to either file a new motion on a Court-provided form or pay the full filing fee.

At the time of case initiation, self-represented Plaintiff DeMun Walker filed an "Affidavit in Support of Request to Proceed *In Forma Pauperis* – Prisoner Cases." ECF No. 2. When asked in that Affidavit to describe the source and amount of money Plaintiff received in the past twelve (12) months, he answered only: "State Tip." *Id.* at 2. Also, Plaintiff did not file a prison inmate account statement with his motion to proceed *in forma pauperis*.

Under the Local Rules of this Court: "An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court. The Court may require the submission of additional information in a particular case." E.D. Mo. L.R. 2.05(A). Additionally, under the Local Rules, the Clerk can return any complaint submitted for filing *in forma pauperis* which is not accompanied by an affidavit as required by 28

U.S.C. § 1915(a).  E.D. Mo. L.R. 2.05(C).

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if a plaintiff demonstrates he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  *In forma pauperis* status is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).  To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

In this case, the Court cannot assess whether Plaintiff should be granted *in forma pauperis* status because he has not provided the Court with complete answers to the form questions.  Without knowing the amount of income Plaintiff makes from "State Tip" and/or having a prison inmate account statement that shows income deposits, the Court cannot determine whether Plaintiff's motion to proceed *in forma pauperis* should be granted and what initial partial filing fee should be accessed.  *See* 28 U.S.C. § 1915(b)(1).  Plaintiff must either provide the required financial information on a complete 'Application to Proceed in District Court without Prepaying Fees or Costs,' or pay the full filing fee in order for this case to proceed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to mail to Plaintiff a blank 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that Plaintiff must either pay the $405 filing fee **or** submit an application to proceed *in forma pauperis* within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff files an application to proceed *in forma pauperis*, he must also file a certified copy of his prison account statement for the six-month period preceding the filing of the complaint.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice.

                                                                      _____
                                                                      SHIRLEY PADMORE MENSAH
                                                                      UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of March, 2024.