**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| DEMUN D. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-56-SPM |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, MISSOURI PAROLE ) | |
| BOARD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of Plaintiff DeMun D. Walker (Missouri prison registration number 188966) for leave to commence this civil action *in forma pauperis*, or without prepayment of fees and costs. ECF No. 11. While incarcerated, Plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss Plaintiff's complaint without prejudice, subject to refiling as a fully paid complaint. *See* 28 U.S.C. § 1915(g). All other pending motions will be denied as moot.

**Case Background**

Plaintiff filed this 42 U.S.C. § 1983 action in the United States District Court for the Western District of Missouri (the "Western District Court") in February 2024. *See* ECF No. 1. In March 2024, the Western District Court transferred the case to this Court because Plaintiff's allegations involve an alleged rule violation at Southeast Correctional Center, located in this judicial district. *See* ECF No. 3. After receiving the case, this Court issued an Order on March

27, 2024, directing Plaintiff to either file a new, complete motion to proceed *in forma pauperis*, or pay the full filing fee.  *See* ECF No. 5.  In response, Plaintiff filed the motion to proceed *in forma pauperis* that is currently pending before the Court.  *See* ECF No. 11.

**Plaintiff's Pleadings**

Plaintiff's § 1983 complaint is brought against the Missouri Department of Corrections' Board of Parole.  ECF No. 1 at 1.  The handwritten complaint and attachments are very difficult to read but it appears that Plaintiff seeks reinstatement of an April 23, 2024, parole release date.[1]  *Id.* at 4.  Plaintiff alleges that his Eighth and Fourteenth Amendment rights were violated by the Board when it "unconstitutionally 'cancelled'" his April 2024 scheduled parole release date, based on a prison rule violation he received in April 2023.  ECF No. 1-1 at 1.  According to Plaintiff, sanctions were added to his April 2023 rule violation in retaliation for filing a state court habeas action.  *Id.* at 1-2.  And because of the violation and sanctions, Plaintiff's presumptive parole date changed.  *Id.*

In support of his arguments, Plaintiff refers to a case he filed in the Western District Court, No. 6:21-cv-3311-RK, for which he attached a docket sheet.  *See* ECF No. 1-1 at 4-6.  Plaintiff describes the case as a challenge to the Board's failure to properly administer his parole interest under Missouri law.  *Id.* at 1.  As discussed below, that case was dismissed in December 2021 under 28 U.S.C. § 1915(g).

Plaintiff also filed a motion for prospective relief, a motion for appointment of counsel, and a motion for injunctive relief.  ECF Nos. 7 & 9-10.  Plaintiff's motion for prospective relief again requests the reinstatement of his April 2024 release date, and his motion for injunctive relief

---

[1] Plaintiff also appears to seek a transfer to the Eastern Reception Diagnostic and Correctional Center, but according to the docket sheet, Plaintiff is now being held at that facility.  *See* ECF No. 8.

2

seeks his release from confinement. ECF Nos. 7 at 1, 10 at 1. Plaintiff attached to his motion for prospective relief a Board of Parole document stating that his sentence was extended to a conditional release date of June 19, 2029, based on a hearing held April 17, 2023, which found that Plaintiff had violated a prison rule involving forcible sexual abuse. ECF No. 7 at 3.

Plaintiff's motion for appointment of counsel asks the Court to appoint him representation for this matter. ECF No. 9. In his motion, Plaintiff states, "In spite of being under the 3 Strike Rule," he has requested leave to proceed *in forma pauperis* "because [] constitutional violations [have] occurred and reoccurred," such that he is "in 'imminent danger' of suffering irreparable physical injury." *Id.* at 1.

**Legal Standard**

Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he or she has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001). Prisoners who have three strikes must prepay the entire filing fee in order for their case to proceed. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

But, pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins*, 258 F.3d at 800. This exception provides a "safety valve for the three strikes rule to prevent impending

3

harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id.* A plaintiff must plead "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury;" conclusory assertions of ongoing danger are insufficient. *Martin*, 319 F.3d at 1050.

## Discussion

Plaintiff, a prisoner and frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g). Based on a review of cases filed by Plaintiff in the United States District Court for the Western District of Missouri, Plaintiff has had at least eight cases dismissed based on the three strikes rule.[2] In addition, the Eighth Circuit Court of Appeals has recognized Plaintiff as being subject to the three strikes rule on multiple occasions.[3] As such, under 28 U.S.C. § 1915(g), Plaintiff is not allowed to proceed *in forma pauperis* in this matter unless the "imminent danger" exception is applicable. 28 U.S.C. § 1915(g).

In his pleadings, Plaintiff makes a conclusory statement that he is in imminent danger of serious physical injury based on alleged "constitutional violations." ECF No. 9 at 1. Despite this

---

[2] *See Walker v. Mo. Dep't of Corrs.*, No. 2:16-cv-4336-FJG (W.D. Mo. filed Dec. 20, 2016) (dismissed Jan. 18, 2017); *Walker v. Mo. Dep't of Corrs.*, No. 2:17-cv-4011-FJG (W.D. Mo. filed Jan. 9, 2017) (dismissed Feb. 28, 2017); *Walker v. Mo. Dep't of Corrs.*, No. 2:17-cv-4040-FJG (W.D. Mo. filed Mar. 2, 2017) (dismissed Mar. 8, 2017); *Walker v. Fritz*, No. 6:17-cv-3130-RK (W.D. Mo. filed May 1, 2017) (dismissed July 6, 2017); *Walker v. Mo. Dep't of Corrs.*, No. 2:18-cv-4188-FJG (W.D. Mo. filed Sept. 13, 2018) (dismissed Sept. 17, 2018); *Walker v. Norman*, No. 6:18-cv-3292-RK (W.D. Mo. filed Sept. 4, 2018) (dismissed Sept. 28, 2018); *Walker v. Crane*, No. 2:18-cv-4205-FJG (W.D. Mo. filed Oct. 1, 2018) (dismissed Oct. 10, 2018); *Walker v. Mo. Dep't of Prob. & Parole*, No. 6:21-cv-3311-RK (W.D. Mo. filed Nov. 30, 2021) (dismissed Dec. 13, 2021).

[3] *Walker v. Mo. Dep't of Prob. & Parole*, No. 22-1239 (8th Cir.) (Order issued Feb. 1, 2022); *Walker v. Norman*, No. 18-3188 (8th Cir.) (Order issued Oct. 25, 2018).

assertion, the only danger to Plaintiff appears to be the inherent danger of being incarcerated for a longer period than expected based on an initial conditional release date.  Plaintiff fails to plead any facts indicating an ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

Further, the Supreme Court has recognized that "an inmate does not have a constitutionally-protected liberty interest in the possibility of parole." *Greenholtz v. Inmates of Neb. Penal & Corrs.*, 442 U.S. 1, 9-11, (1979).  Instead, matters pertaining to the parole process are governed by state statute and are therefore matters of state law, without questions of constitutional magnitude.  The United States Court of Appeals for the Eighth Circuit has held that "Missouri's parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." *Adams v Agniel*, 405 F.3d 643, 645 (8th Cir. 2005).  Therefore, allegations of a Missouri prisoner, like Plaintiff, challenging the denial of parole do not state a claim under 42 U.S.C. § 1983.  *Id.*

As such, Plaintiff lacks a due process right in the possibility of parole in Missouri and the extension of his conditional release date does not state a claim of constitutional magnitude.  Importantly, nothing in the complaint constitutes imminent danger of serious physical injury at the time of case filing.  Plaintiff states that he has been arguing with the Board of Parole about this issue for a while, and filed a similar case in the Western District Court in November 2021 that was dismissed.  *See Walker v. Mo. Dep't of Prob. & Parole*, No. 6:21-cv-3311-RK (W.D. Mo. filed Nov. 30, 2021) (dismissed Dec. 13, 2021, under 28 U.S.C. § 1915(g)).

Plaintiff has thus failed to demonstrate that the exception to the three strikes provision in § 1915(g) is applicable to him.  Therefore, the Court will deny Plaintiff's motion to proceed *in forma*

*pauperis* and will dismiss this action, without prejudice, subject to Plaintiff refiling as a fully paid complaint. Plaintiff's other pending motions will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 11] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice, subject to Plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for prospective relief [ECF No. 7] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 9] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for injunctive relief [ECF No. 10] is **DENIED as moot**.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 21st day of May, 2024.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**